M. V. NORWOOD v. C. G. O'NEAL.

*Distributive Share— Wrongful Payment by Administrator—*
*Action for Money Had and Received.*

Where money was paid by an administrator to one supposed to be enti-
tled as a distributee "in full of his distributive share" and on
his promise to refund "should any lawful claim come against
the estate," no cause of action accrued to those who were rightly
entitled, and the money can only be recovered by the adminis-
trator to whom the promise was made.

CIVIL ACTION, to recover money had and received to use
of plaintiffs, heard before *Connor, J.,* at February Term, 1892,
of WAKE Superior Court, on appeal from the Court of a Jus-
tice of the Peace. The facts are sufficiently stated in the
opinion of the Court. From the judgment in favor of the
plaintiffs defendant appealed.

*Mr. Geo. H. Snow,* for plaintiff.
*Mr. W. N. Jones,* for defendant (appellant).

BURWELL, J.: It appears from the case on appeal that
the administrator of one Elizabeth Perry paid to the defend-
ant a certain sum of money, on December, 27, 1867, think-
ing that he was entitled to receive it as a distributee of
that estate. His wife, a daughter of Elizabeth Perry, had
died before the death of her mother, and the plaintiffs are
his children.

When the defendant received this money he gave the
administrator a receipt for the same "in full of his inter-
est in said estate," in which he stipulated that "should any
lawful claim come against said estate," he would "refund
his proportionate part of said lawful claim." The promise
of the defendant was to the administrator of Elizabeth

Perry, and no one but him or his successor can enforce that promise. The money was not received by defendant under any agreement, express or implied, that he would hold it for the plaintiffs. On the contrary, it was received expressly for his own use. And, whatever may be the rights of the plaintiffs against the administrator who has failed to pay to them the money they may be entitled to from their grandmother's estate, it seems very clear that they have no cause of action against the defendant, and his Honor should have charged the jury, as requested, that upon the evidence and the admissions the plaintiffs could not recover.                                          Error.